**Aderemi Emmanuel ATANDA,**
Petitioner,

v.

**A. Neil CLARK, Field Office Director,
U.S. Immigration and Customs
Enforcement, Respondent.**

**Case No. C09–157–RSL.**

United States District Court,
W.D. Washington,
at Seattle.

July 31, 2009.

Aderemi Emmanuel Atanda, Tacoma, WA, pro se.

Melanie S. Keiper, US Department of Justice, Washington, DC, Robert Patrick Brouillard, US Attorney's Office, Seattle, WA, for Respondent.

## ORDER OF DISMISSAL

ROBERT S. LASNIK, District Judge.

The Court, having reviewed petitioner's Petition for Writ of Habeas Corpus, Dkt. 6, respondent's response, Dkt. 14, the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge, and any objections or responses to that, and the remaining record, finds and Orders as follows:

   (1) The Court adopts the Report and Recommendation;

   (2) Petitioner's Petition for Writ of Habeas Corpus, Dkt. 6, is DENIED, respondent's motion to dismiss, Dkt. 14, is GRANTED, and this action is DISMISSED with prejudice;

   (3) The Clerk shall send a copy of this Order to the parties, and to Judge Donohue.

## REPORT AND RECOMMENDATION

JAMES P. DONOHUE, United States Magistrate Judge.

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Aderemi Emmanuel Atanda is a native and citizen of Nigeria who is being detained by the U.S. Immigration and Customs Enforcement pursuant to an administratively final order of removal. On February 4, 2009, petitioner, proceeding pro se, filed the instant Petition for Writ of Habeas Corpus and Release From Detention pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued detention. (Dkt. 6). Petitioner requests that the Court order his release, or, in the alternative, order a bond hearing before an Immigration Judge. Respondent has filed a motion to dismiss, arguing that petitioner is lawfully detained under the Immigration and Nationality Act ("INA") and that petitioner's detention does not violate *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). (Dkt. 14).

Having carefully reviewed the entire record, I recommend that petitioner's petition, Dkt. 6, be DENIED and that respondent's motion to dismiss, Dkt. 14, be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Nigeria who entered the United States in 1985 as an F–1 student. He later adjusted his status to that of lawful permanent resident. (Dkt. 16 at L55, 62).

On December 1, 2003, petitioner was convicted in the Superior Court of California of five counts of forgery in violation of California Penal Code Section 470(d), and was sentenced to thirty-two months incarceration. (Dkt. 16 at L137–38). On March 23, 2006, ICE issued a Notice to Appear, charging petitioner as being subject to removal under INA § 237(a)(2)(A)(iii) for having been convicted of an aggravated felony as defined by INA § 101(a)(43)(R). (Dkt. 16 at R443–45). On April 12, 2006, petitioner was transferred to ICE custody and mandatorily detained pursuant to INA § 236(c)(1)(B) pending the completion of his removal proceedings. (Dkt. 16 at L123, R101).

On September 13, 2006, an Immigration Judge ("IJ") denied petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered him removed to Nigeria. (Dkt. 16 at R115–25). Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA") which affirmed the IJ's decision and dismissed the appeal on December 8, 2006. (Dkt. 16 at R308–10). On January 3, 2007, petitioner filed a Petition for Review of the BIA's decision with the Ninth Circuit Court of Appeals, along with a request for stay of removal. *Atanda v. Gonzales,* No. 07–70005 (9th Cir.2007). Under Ninth Circuit General Order 6.4(c)(1), this caused a temporary stay to automatically issue.[1] However, the Ninth Circuit dismissed the petition for failure to prosecute on November 9, 2007. *Atanda,* No. 07–70005.

On December 17, 2007, petitioner filed a motion to reopen with the BIA, which denied the motion on February 29, 2008. (Dkt. 16 at L304–16, L453–54). On March 25, 2008, petitioner filed a motion to reconsider with the BIA which was denied on April 29, 2008. (Dkt. 16 at L351–52). Petitioner then filed a Petition for Review of the BIA's denial of his motion to reopen with the Ninth Circuit, along with a motion for stay of removal. (Dkt. 16 at L364–77). On October 8, 2008, the Ninth Circuit granted petitioner's motion for stay of removal. *Atanda v. Holder,* No. 08–71350 (9th Cir.2008). Petitioner's Petition for Review remains pending in the Ninth Circuit.

On or about May 20, 2008, ICE conducted a Post Order Custody Review of petitioner's case.[2] (Dkt. 16 at R398–407). The Reviewing Officer recommended that petitioner remain detained, stating

> ATANDA has a demonstrated disregard for the laws of the United States. His most serious crime of Forgery was a crime of deceit and does not bode well

---

**1.** On January 31, 2007, while petitioner's Petition for Review was pending, petitioner filed his first Petition for Writ of Habeas Corpus, challenging his detention. *See Atanda v. Clark,* Case No. C07–157–RSM–JPD, 2007 WL 3348432 (W.D.Wash.2007). The Court dismissed the habeas petition on November 7, 2007, finding that petitioner was lawfully detained under INA § 236(c) pending adjudication of his Petition for Review by the Ninth Circuit. *Id.* (Dkt. 23).

**2.** ICE conducted its first post-order custody review of petitioner's case on May 1, 2007, and concluded that petitioner was a flight risk because he would probably not voluntarily depart the United States if his petition for review was dismissed, and that he was a danger to society based on his past criminal record. (Dkt. 16 at R449–51).

for the notion that ATANDA would comply with his removal order should his petition with the 9th C.C. prove disfavorable. ATANDA is also a danger to the community as is evidenced by his repeated arrests for DUI. Furthermore, as ICE has copies of ATANDA's expired Nigerian passport, ICE should be able to obtain a Nigerian travel document. Taking these factors into consideration, it is in the reviewing officer's opinion that ATANDA should remain in ICE custody pending the outcome of his 9th C.C. petition.

(Dkt. 16 at R399). On June 5, 2008, ICE Field Office Director A. Neil Clark issued a "Decision to Continue Detention," notifying petitioner that he would remain detained without bond pending the result of his appeal before the Ninth Circuit. (Dkt. 16 at R409–10). The Notice stated,

> In consideration of your continued detention, two questions need to be asked: are you a flight risk and do you pose a threat to the community? Insofar as you being a fight risk, your most serious crime of Forgery was a crime of deceit, which shows a tendency to disobey and skirt the laws of the United States. Additionally, you had multiple offenses for Driving Under the Influence. Your crimes not only make you a flight risk, but if repeated they could pose a serious threat to the community.

(Dkt. 16 at R409). The Notice indicated that petitioner's next file custody review would occur in approximately one year. *Id.*

On February 4, 2009, petitioner filed the instant habeas petition, challenging his continued detention. (Dkt. 6). On March 27, 2009, respondent filed a Return and Motion to Dismiss. (Dkt. 14). Petitioner filed a response, Dkt. 17, respondent filed a reply, Dkt. 18, and petitioner filed a surreply, Dkt. 19.

## III. DISCUSSION

■ Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings. That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings, unless the alien falls within one of the categories of criminal aliens described in Section 236(c), for whom detention is mandatory. *See* INA § 236(c), 8 U.S.C. § 1226(c) ("The Attorney General shall take into custody any alien who" is deportable for having committed certain enumerated crimes). Unlike non-criminal aliens who are detained under INA § 236(a), criminal aliens detained under INA § 236(c) are not entitled to a bond hearing and are not provided the opportunity to show that their detention is unnecessary because they are not a danger to the community or a flight risk. *See Casas–Castrillon v. DHS,* 535 F.3d 942, 946 (9th Cir.2008).

Once removal proceedings have been completed, the detention and release of aliens shifts to INA § 241, 8 U.S.C. § 1231. Section 241(a)(1)(A) of the INA states that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A). During the removal period, continued detention is required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2). Section 241(a)(6) provides the Attorney General with discretionary authority to detain certain aliens beyond the removal period, or to release them under an order of supervision. INA § 241(a)(6), 8 U.S.C. § 1231(a)(6). The determination of when an alien becomes subject to detention under Section 241 rather

than Section 236 is governed by Section 241(a)(1), which provides:

The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

■ In the present case, petitioner argues that he is entitled to a bond hearing pursuant to the Ninth Circuit's recent decisions *Casas–Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942 (9th Cir.2008), and *Prieto–Romero v. Clark*, 534 F.3d 1053 (9th Cir.2008). (Dkt. 6 at 7–9). Respondent argues that petitioner is lawfully detained pursuant to INA § 241(a)(6), which allows for detention at the discretion of the Attorney General during and after the removal period. Respondent contends that petitioner is not entitled to a bond hearing under *Casas–Castrillon* or *Prieto–Romero* because he is no longer detained under INA § 236(c). The Court agrees with respondent.

In *Prieto–Romero* and *Casas–Castrillon*, the Ninth Circuit held that detention pending judicial review of an administratively final order of removal is governed by INA § 236(a), regardless of whether an alien was previously detained under INA § 236(a) (discretionary detention) or INA § 236(c) (mandatory detention) during removal proceedings. *Casas–Castrillon*, 535 F.3d at 942; *Prieto–Romero*, 534 F.3d at 1053. The Ninth Circuit reasoned that aliens whose judicial review is ongoing have not yet entered the "removal period," and therefore cannot be detained under INA § 241, which provides for detention

only during and after the removal period. *Prieto–Romero*, 534 F.3d at 1059; *Casas–Castrillon*, 535 F.3d at 947. Both aliens in *Prieto–Romero* and *Casas–Castrillon* were detained pending judicial review of their administratively final orders of removal, and thus were not subject to detention under INA § 241(a). *Id.* The Ninth Circuit concluded that aliens who are detained pending judicial review of an administratively final removal order are entitled to an individualized bond hearing before an Immigration Judge and an opportunity to appeal that determination to the BIA. *Casas–Castrillon*, 535 F.3d at 952; *see also Prieto–Romero*, 534 F.3d at 1066 (finding that petitioner had the opportunity to contest the necessity of his three year detention before the IJ and BIA).

Here, however, unlike Prieto–Romero and Casas–Castrillon, petitioner's post removal period began on November 9, 2007, pursuant to INA § 241(a)(1)(B)(ii), the date the Ninth Circuit terminated petitioner's first Petition for Review. *See Atanda*, No. 07–70005. Although petitioner filed a second Petition for Review in the Ninth Circuit resulting in a stay of removal which remains pending, his appeal does not "entail judicial review of a *removal order*," as the plain text of the statute requires." *Diouf v. Mukasey*, 542 F.3d 1222, 1230 (9th Cir.2008). Rather, petitioner's appeal challenges the BIA's denial of his motion to reopen. Accordingly, petitioner's detention is not governed by INA 236 because that section only applies to detention during removal proceedings, including direct judicial review of an administratively final removal order. *Id.; see also Prieto–Romero*, 534 F.3d at 1059; *Casas–Castrillon*, 535 F.3d at 947.

In *Diouf*, the Ninth Circuit reversed a decision by the district court which had granted habeas relief to a petitioner who had been detained for twenty-three

months pending judicial review of the BIA's denial of his motion to reopen removal proceedings. *Diouf,* 542 F.3d at 1222. The Ninth Circuit determined that the district court had erred because its decision was based on the erroneous conclusion that Diouf's detention was governed by INA § 236 rather than INA § 241. *Id.* at 1234. The court held that "a stay entered while a court reviews an alien's . . . petition for review of the BIA's denial of a motion to reopen—does not prevent the removal period from beginning." *Id.* at 1229–30. The court distinguished its decisions in *Prieto–Romero* and *Casas–Castrillon,* noting that in those cases,

> we made clear that the statutory basis for the petitioner's detention would have been different if the pending petition for review had not challenged an administratively final order of removal, explaining that the "beginning of the removal period is not delayed by *every* judicially entered stay," and that the "entry of a stay of removal for any . . . reason [other than review of a removal order]—for example, a stay entered while a court reviews an alien's § 2241 habeas petition or *petition for review of the BIA's denial of a motion to reopen*—does not prevent the removal period from beginning."

*Id.* at 1230 (citations omitted).

Petitioner's assertion that he is entitled to a bond hearing before an immigration judge pursuant to *Casas–Castrillon* and *Prieto–Romero* relies on the fact that the Ninth Circuit issued a stay of removal pending adjudication of his petition for review. As indicated above, however, the stay was entered while the Ninth Circuit reviews the denial of his motion to reopen proceedings, and therefore, does not prevent the removal period from beginning. *See Diouf,* 542 F.3d at 1230. Here, as in *Diouf,* petitioner is detained under INA § 241(a)(6), not INA § 236, because his

order of removal is administratively and judicially final. Thus, the Ninth Circuit's holdings in *Casas–Castrillon* and *Prieto–Romero* do not provide a legal basis for this Court to order a bond hearing before an immigration judge or to release petitioner on bond. While petitioner is eligible for release, the Attorney General has exclusive authority to determine whether to detain him or release him under an order of supervision. *See* INA § 241(a)(6).

■ Moreover, contrary to petitioner's assertion, his detention is not indefinite because his removal remains reasonably foreseeable. *See Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). In *Zadvydas,* the Supreme Court considered whether INA § 241(a)(6) authorizes the Attorney General "to detain a removable alien indefinitely beyond the removal period or only for a period reasonably necessary to secure the alien's removal." *Zadvydas,* 533 U.S. at 682, 121 S.Ct. 2491. The petitioners in *Zadvydas* could not be removed because no country would accept them. Thus, removal was "no longer practically attainable," and the period of detention at issue was "indefinite" and "potentially permanent." *Id.* at 690–91, 121 S.Ct. 2491. The Supreme Court held that INA § 241(a)(6), which permits detention of removable aliens beyond the 90–day removal period, does not permit "indefinite detention." *Id.* at 689–697, 121 S.Ct. 2491. The Court explained that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *Id.* at 699, 121 S.Ct. 2491.

The Supreme Court further held that detention remains presumptively valid for a period of six months. *Id.* at 701, 121 S.Ct. 2491. After this six-month period, an alien is eligible for conditional release upon demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable

future." *Id.* The burden then shifts to the Government to respond with sufficient evidence to rebut that showing. *Id.*

The Court finds that petitioner has failed to satisfy his burden of showing that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* The Ninth Circuit has "construed this language to require the alien to show that he would be unremovable even if the government defeated his petition for review." *Diouf,* 542 F.3d at 1233 (quoting *Prieto–Romero,* 534 F.3d at 1063). Here, there is no indication that petitioner is unremovable. Indeed, the government has indicated that there are no barriers to his removal to Nigeria. (Dkt. 14, Ex. 1). Once petitioner's legal proceedings have been completed, ICE will remove petitioner to Nigeria or release him. Thus, "he is not stuck in a 'removable-but-unremovable limbo,' as the petitioners in *Zadvydas* were." and his detention is not indefinite. *See Prieto–Romero,* 534 F.3d at 1063.

Petitioner also argues that his post-order custody review does not satisfy due process requirements because ICE failed to consider the factors set forth in 8 C.F.R. § 241.4(f). (Dkt. 17 at 11; Dkt. 19 at 7–10). The regulations provide that before making a custody decision, the reviewing official should consider the following factors: (1) disciplinary problems while incarcerated or detained by ICE; (2) the nature and seriousness of the alien's convictions, time served, probation and parole history, evidence of recidivism, and other criminal history; (3) psychiatric and psychological reports; (4) evidence of rehabilitation; (5) favorable factors, such as ties to the U.S. and number of close relatives residing here lawfully; (6) prior immigration violations and history; (7) the likelihood that the alien is a significant flight risk or may abscond to avoid removal; and (8) any other probative evidence. 8 C.F.R. § 241.4(f).

■ Here, the administrative record shows that petitioner has received two post order custody reviews, and that ICE considered all of the appropriate factors when reviewing petitioner's custody. (Dkt. 16 at R398–410; R362–70). Accordingly, the post-order custody review satisfies due process requirements and neither an IJ nor this Court has authority to conduct a bond hearing. To the extent that petitioner challenges the outcome of his custody review, challenges to the government's discretionary decision to continue detention are not subject to judicial review and should be denied. *See* INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B) ("Notwithstanding any other provision of law ... including section 2241 of Title 28, or any other habeas corpus provision ... no court shall have jurisdiction to review ... any other decision or action of the Attorney General ... which is specified to be in the discretion of the Attorney General").

## IV. CONCLUSION

For the foregoing reasons, I recommend that petitioner's habeas petition, Dkt. 6, be DENIED, respondent's motion to dismiss, Dkt. 14, be GRANTED, and that this action be DISMISSED with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 4th day of June, 2009.